# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| NYIARAH WEBB, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:21-00302-CV-RK |
| ALLSTATE INSURANCE COMPANY, | ) |
| Defendant. | ) |

## ORDER GRANTING MOTION TO REMAND

Before the Court is Plaintiff's motion to remand. (Doc. 4.) The motion is fully briefed. (Docs. 4, 5, 8.) After careful consideration, the motion is **GRANTED**.

## Background

Plaintiff was involved in a car accident involving a third party on January 18, 2018. As a result of the accident, Plaintiff suffered injuries and damages. These claims were settled with the third party on December 30, 2019. At the time of the accident, Plaintiff had purchased a policy of automobile insurance from Defendant (Policy #815061068). This policy provided Plaintiff with $50,000 in underinsured motorist ("UIM") benefits.

On January 21, 2020, Plaintiff requested Defendant pay $50,000 in UIM benefits to compensate for Plaintiff's injuries and damages from the accident due to the third parties' insurance coverage inability to compensate entirely. On February 20, 2020, Plaintiff received a letter from Defendant refusing to pay any amount of the UIM benefits. Plaintiff then filed her lawsuit on March 10, 2020, against the Defendant in the Circuit Court of Jackson County, Missouri. Plaintiff's claims include: $50,000 UIM claim and a vexatious refusal to pay claim.

On May 4, 2021, more than a year after Plaintiff filed her initial petition, Defendant filed a Notice of Removal. On May 27, 2021, Plaintiff filed her motion to remand the case to the Circuit Court of Jackson County. Plaintiff noted that Defendant filed the Notice of Removal more than a year past the original due date of April 19, 2020. Plaintiff also requested that the Court require Defendant to pay Plaintiff attorney's fees "for time incurred in responding to Defendant's clearly untimely Notice of Removal." (Doc. 4.)

## Legal Standard

"[F]ederal courts are courts of limited jurisdiction." *Ark. Blue Cross & Blue Shield v. Little Rock Cardiology Clinic, P.A.*, 551 F.3d 812, 816 (8th Cir. 2009). "[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction[.]" *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). "A defendant may remove an action to federal court if the case falls within the original jurisdiction of the district courts." *Gillespie v. Block Maint. Solutions*, No. 12-947-CV-W-DGK, 2012 U.S. Dist. LEXIS 155153, at *1 (W.D. Mo. Oct. 30, 2012) (citing 28 U.S.C. §1441(a)). However, a case cannot be removed to federal court based on diversity of citizenship "more than one year after commencement of the action." 28 U.S.C. § 1446(c). *See Lindsay v. Dillard's, Inc.*, 306 F.3d 596, 600 (8th Cir. 2002) (the "[f]ailure of a party to remove within the one year limit precludes any further removal based on diversity"); *Jackson v. C.R. Bard, Inc.*, 2017 WL 2021087, at *3 (E.D. Mo. May 12, 2017) (the rationale behind the one-year limitation is that a suit filed in state court should remain in state court if the case has been using state resources for over a year).

A party seeking removal and opposing remand carries the burden of establishing federal subject-matter jurisdiction by a preponderance of the evidence. *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010). Furthermore, any doubts about the propriety of removal should be resolved in favor of remand. *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993) (per curiam).

## Discussion

Pursuant to 28 U.S.C. § 1446(b), notice of removal shall be filed within 30 days after service of process of the initial pleadings set forth the claim for relief. On March 20, 2020, Defendant was served with the initial pleadings in this matter. In the initial pleadings, the Plaintiff set forth the same claims now removed, UIM benefits and vexatious refusal to pay pursuant to Mo. Rev. Stat. § 375.420. Therefore, Defendant was required to file a notice of removal no later than April 19, 2020. Defendant now claims removal is timely because email communications between counsel reveals, for the first time, the amount in controversy exceeds $75,000.[1] 28 U.S.C § 1446(b)(3) ("Except as provided in subsection (c), . . . a notice of removal may be filed within

---

[1] Even if Defendant is correct that the petition did not clearly reveal the amount in controversy, Defendant sent a request for admissions seeking the amount in controversy in September 2020. (Doc. 8-1.) Plaintiff gave a substantially similar response as given in the email communications Defendant now claims provides a basis for removal. (Doc. 8-2.)

2

30 days after receipt by the defendant . . . of a copy of . . . other paper from which it may first be ascertained that the case is one which is or has become removable."). Tellingly, Defendant never cites to § 1446(c) in their response to Plaintiff's motion to remand. § 1446(c) unequivocally establishes a case cannot be removed under § 1446(b)(3) more than one year after the commencement of the action. Here, Defendant filed its Notice of Removal on May 4, 2021, in excess of one year after the commencement of the action. Therefore, removal of this action was improper and remand is warranted.

Next, the Court considers Plaintiff's request for attorney's fees. "[C]ourts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). "In determining whether the removing party lacked an objectively reasonable basis for seeking removal, the district court does not consider the motive of the removing defendant. *Convent Corp. v. City of N. Little Rock, Ark.*, 784 F.3d 479, 483 (8th Cir. 2015) (cleaned up). "Rather, the court must consider the objective merits of removal at the time of removal, irrespective of the ultimate remand." *Id.* (citation omitted). Here, Defendant's removal was greater than one year after the commencement of the action in clear violation of § 1446(c). A clear and complete reading of § 1446 establishes Defendant lacked an objectively reasonable basis for removal. As such, attorney's fees are warranted in this case.

**Conclusion**

The Court finds Defendant's removal of this action was improper and Defendant lacked an objectively reasonable basis for removal. Therefore:

1. Plaintiff's motion to remand (Doc. 4) is **GRANTED**. This case is **REMANDED** to the Circuit Court of Jackson County, Missouri.

2. It is further **ORDERED** that Plaintiff's request for attorney's fees is **GRANTED**. The Court retains limited jurisdiction to determine a reasonable amount of attorney's fees. The parties are **ORDERED** to meet and confer, within (5) days of this Order, to determine the amount of reasonable attorney's fees. If an amount cannot be agreed upon, Plaintiff shall submit a bill of costs and reasonable attorney fees, supported by affidavits, billing records, and the like by July 1, 2021; Defendant's response, if any will be due July 6, 2021; and any reply due July 12, 2021.

**IT IS SO ORDERED**.

/s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
DATED: June 24, 2021         UNITED STATES DISTRICT COURT