# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| NYIARAH WEBB, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:21-00302-CV-RK |
| ALLSTATE INSURANCE COMPANY, | ) |
| Defendant. | ) |

## ORDER DENYING MOTION FOR RECONSIDERATION

Before the Court is Defendant's motion for reconsideration of the Court's award of attorney's fees. (Doc. 10.) After careful consideration the motion is **DENIED**.

On March 10, 2020, Plaintiff filed her initial petition in state court. Plaintiff did not state an amount in controversy in the petition, but merely pleaded it was greater than $25,000. During discovery, Defendant sent requests for admissions seeking admissions the amount in controversy was greater than $75,000. (Doc. 8-1.) Defendant received answers to those requests on September 8, 2020. (*Id.*) Then on April 28, 2021, Defendant's counsel had email communications with Plaintiff's counsel seeking similar information. Plaintiff's response to both the request for admission and email communication was substantially similar. (Docs. 8-1, 8-2.) Defendant then removed this action on May 4, 2021. (Doc. 1.) Plaintiff timely moved for remand. (Doc. 4.) The Court granted the motion for remand and awarded attorney's fees on June 24, 2021. (Doc. 9.)

The only issue on reconsideration is whether the Court erred in determining the Plaintiff did not act in bad faith under 28 U.S.C. § 1446(c) and whether Defendant had an objectively reasonable basis for removal. To begin, the Court's Order of remand found the Plaintiff to not have acted in bad faith, even if done implicitly.

Defendant claims an objectively reasonable basis for removal existed because the email communications in April 2021 were substantively different than the previous requests for admission because the email presumed a fact which was not rebutted whereas the requests for admission simply asked for an admission or denial. This argument is without merit for several reasons. First, Plaintiff's response to each request was substantially similar. Second, even if Defendant phrased the request differently, Plaintiff's response remained consistent, and Defendant could have sought clarification. Defendant was not precluded from seeking follow up on the

requests for admission.  Instead, Defendant waited over seven months before seeking additional clarification.  Finally, Defendant objects to Plaintiff's response and argues, in front of this Court, that it obfuscated jurisdictional facts.  Yet, Defendant presents no evidence of any discovery dispute with Plaintiff in state court or timely follow up to Plaintiff's response to the requests for admission.  Simply put, Defendant sat on its hands for over seven months, waited well past one year before improperly removing the action, and now cries foul as to Plaintiff's responses.

Next, Defendant argues Plaintiff acted deliberately to prevent Defendant from determining the amount in controversy.  This argument is also without merit.  First, § 1446(c)(3)(B), requires the Court to find Plaintiff to have deliberately failed to disclose the amount.  A review of the Plaintiff's responses does not reveal a deliberate failure.  Moreover, as Plaintiff has claims for vexatious refusal to pay, attorney's fees may be awarded.  Plaintiff's counsel was correct in asserting the amount in damages will not be known until near closing arguments because attorney fees would need to be calculated.

Finally, and most persuasive to this Court is Defendant's delay in removal.  "[T]he rationale behind the one-year limitation is that a suit filed in state court should remain in state court if the case has been using state resources for over a year." *Davis v. Palumbo*, No. 4:19-00686-CV-RK, 2019 WL 6915949, at *1 (W.D. Mo. Dec. 19, 2019) (citing *Jackson v. C.R. Bard, Inc.*, 2017 WL 2021087, at *3 (E.D. Mo. May 12, 2017)).  Defendant had information to bring removal prior to the one-year limitation.  Even if they did not, Defendant had information and the ability to seek such information from the Plaintiff.  Yet, Defendant waited over seven months to seek additional information.  As such, the Court's remand was proper, and the Court continues to find Defendant lacked an objectively reasonable basis for removal.  Therefore, the Court's award of attorney's fees will not be reconsidered.  Defendant's motion for reconsideration (Doc. 10) is **DENIED**.

**IT IS SO ORDERED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED:  June 29, 2021